IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-00162-FL

| | |
|---|---|
| ERIC MCMILLIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND** |
| ) | **MEMORANDUM AND** |
| OFFICER E.W. GILYARDI, ) | **RECOMMENDATION** |
| *Raleigh Police Department*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on *pro se* Plaintiff Eric McMillian's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 [DE-1] and for frivolity review. McMillian has demonstrated appropriate evidence of inability to pay the required court costs, and his application is allowed.

Notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, a court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

After careful review of the complaint, and giving due consideration to his *pro se* status, it is recommended that the complaint be dismissed in part and allowed to proceed in part.

## DISCUSSION

McMillian's complaint consists of a four page handwritten form supplemented by four additional handwritten pages, three typewritten pages, and copies of two citations with some handwritten notes, all of which will be collectively treated as his complaint. McMillian alleged in his complaint that on December 20, 2011 and January 13, 2012[1] he was stopped by Defendant Officer E.W. Gilyardi and subjected to an unduly invasive and unnecessarily forceful search for drugs without probable cause. McMillian further alleged that Gilyardi fabricated cause to cite him for trespass and possession of an open container of alcohol on a public street or property in violation of state law. McMillian contends that the alleged searches and harassment by Gilyardi violated his Fourth and Fourteenth Amendment rights, which he seeks to enforce pursuant to 42 U.S.C. §§ 1983 & 1984. McMillian has requested damages in the amount of $1,000,000.

The crux of McMillan's complaint appears to be that he has been subjected to harassment by Gilyardi in the form of unconstitutional drug searches and citations because he is black and underprivileged. The Court is cognizant of potentially meritorious defenses to these claims, e.g., immunity. However, the Fourth Circuit has cautioned that a *pro se* complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no facts in support of his claim which would entitle him to relief." *Green v. Maroules*, No. 04-2538, 211 Fed. App'x 159, 162, 2006 WL 3206097, at **3 (4th Cir. Nov. 7, 2006) (quoting *Hughes v. Rowe*, 449 U.S. 5, 10, (1980)). Therefore, the Court finds that the allegations are sufficient to state a § 1983 claim at this early stage in the proceeding.

With respect to McMillan's claim under § 1984, that code section has been repealed. Thus, he has failed to state a claim upon which relief can be granted. *See Qader v. Cohen &*

---

[1] McMillian alleged in his complaint that he was stopped on January 13, 2011, but this appears to be an error based on additional information in the complaint, including the citation. Accordingly, the Court will proceed under the assumption that the stop occurred in 2012 and not 2011.

*Slamowitz*, No. 10 CV 01664, 2011 WL 102752, at *5 (S.D.N.Y. Jan. 10, 2011) ("42 U.S.C. § 1984 no longer exists.") (citations omitted).

Finally, McMillian has requested that counsel be appointed. "[T]here is no absolute right to appointment of counsel; a plaintiff must present 'exceptional circumstances.' Exceptional circumstances exist where 'a pro se litigant has a colorable claim but lacks the capacity to present it.'" *Hall v. Holsmith*, No. 09-6288, 2009 WL 2171242, at *1 (4th Cir. July 21, 2009) (citations omitted). Based on McMillian's prior filings in more than ten cases in this Court, it appears that he is capable of adequately presenting his claims. Furthermore, the Court finds that his claims are not so complex as to necessitate the appointment of counsel. Accordingly, the Court declines to appoint counsel at this time.

## CONCLUSION

McMillan's application to proceed *in forma pauperis* is **GRANTED**, and his complaint survives frivolity review on his § 1983 claim. However, it is **RECOMMENDED** that his § 1984 claim be **DISMISSED** on frivolity review. McMillian's request for appointment of counsel is **DENIED**.

The Clerk shall send a copy of this Order and Memorandum and Recommendation to the *pro se* Plaintiffs, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 29th day of June 2012.

DAVID W. DANIEL
United States Magistrate Judge