IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-cv-162-FL

| | | |
|---|---|---|
| ERIC MCMILLIAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER E.W. GILYARDI, | ) | ORDER |
| Raleigh Police Department, | ) | |
| | ) | |
|     Defendant. | ) | |

This matter comes now before the court upon defendant's motion to dismiss complaint which recently survived frivolity review on the § 1983 claim remaining. Defendant's motion is made pursuant to Rule 12 of the Federal Rules of Civil Procedure. Defendant protests plaintiff's failure to effect service and the failure of plaintiff to state a claim upon which relief may be granted. The matter comes before the court also upon plaintiff's stated opposition to the relief requested, in the form of a motion to strike defendant's motion to dismiss, submitted with ancillary support. Plaintiff seeks, too, to amend his complaint to cure ministerial error.

As the magistrate judge thoughtfully noted, "[t]he crux of [plaintiff's] complaint appears to be that he has been subjected to harassment by [defendant] in the form of unconstitutional drug searches and citations because he is black and underprivileged." The magistrate judge commented also upon this plaintiff's experience in litigation, which has involved more than ten cases in this court.

Upon a more considered review of plaintiff's allegations, as they relate to claim remaining, the undersigned concludes plaintiff's complaint fails to state a claim upon which relief may be

granted, with reference to the Wake County criminal records now presented. These public records the court properly may notice and review.

Records pertaining to the December 20, 2011, arrest reveal, as highlighted by defendant, that on February 28, 2012, plaintiff was found guilty of trespass. Records also illuminate the plea bargaining process entered into by plaintiff. The complaint in this case is devoid of allegations that guilty plea or conviction was improper. For these and other reasons, defendant's motion to dismiss is allowed. Corresponding motions by plaintiff are denied as moot. The clerk is directed to close the case.

SO OREDERED, this the 27nd day of November, 2012.

_____
Louise W. Flanagan
U.S. District Judge

2

Case 5:12-cv-00162-FL   Document 24   Filed 11/27/12   Page 2 of 2